NON-CONFIDENTIAL

United States Court of Appeals for the Federal Circuit

————————————————

A.M.,

*Plaintiff-Appellant*

v.

UNITED STATES,

*Defendant-Appellee.*

————————————————

2022-2235

————————————————

**BRIEF IN SUPPORT OF APPEAL**

————————————————

BRUCE I. AFRAN
10 Braeburn Dr.
Princeton, N.J. 08540
609-454-7435
*Counsel for Appellant*

————————————————

# CERTIFICATE OF INTEREST

Case Number: 22-2235

Short Case Caption: A.M. v. U.S.

Counsel for the Appellant certifies the following:

1.  The Represented Entity is an individual named A.M.

2.  The Real Parties in Interest are A.M.

3.  There are no parent corporations or stockholders.

4.  There are no additional law firms, partners or associates appearing in this case other than counsel for Appellant, Bruce I. Afran.

5.  There are no known related cases.

6.  There are no known organizational victims.

Respectfully submitted,
/s/ Bruce I. Afran
BRUCE I. AFRAN, Counsel for A.M.

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST…………………………………………………i

STATEMENT OF RELATED CASES…………………………………………vi

JURISDICTION…………………………………………………...………vii

STATEMENT OF ISSUES PRESENTED FOR REVIEW…………………...………1

STATEMENT OF CASE………………………………………………………..2

ARGUMENT…………………………………………………………………7

     I.      STANDARD OF REVIEW……………………………………...…8

     II.     MSPB HEARING AND REVIEW IS A MATERIAL AND NON-SEVEREABLE PART OF THE CONGRESSIONAL REMOVAL SCHEME AND WITHOUT SUCH PROCESS NO LEGAL AUTHORITY EXISTS TO REMOVE AND EMPLOYEE AND WITHHOLD SALARY AND BENEFITS……………...…………8

     III.    A MONEY-MANDATING SOURCE OF LAW CAN BE FOUND IN THE CLASSIFICATION ACT AND BACK PAY ACTS, AND THEIR COGNATES, AND THE COURT OF FEDERAL CLAIMS SHOULD NOT HAVE DISMISSED FOR LACK OF SUBECT MATTER JURISDICTION……………………………...……..13

CONCLUSION…………………………………………...……………………16

CERTIFICATE OF COMPLIANCE…………………………….……………17

CERTIFICATE OF SERVICE…………………………………………………18

---

STATEMENT PURSUANT TO FED. CIRCUIT LOCAL RULE 25.1 (B):

Material has been redacted from this brief pursuant to the Protective Order entered by the Hon. Thompson M. Dietz of the United States Court of Federal Claims on July 5, 2022 that protects and seals from public disclosure on the docket plaintiff's name and replacing it with "A.M.", the nature of the underlying criminal offense, the state of residence in which plaintiff was convicted of the offense, the name of plaintiff's federal agency in which he was employed; his job title and his home address.  Redactions appear in this brief on the follow pages: the Cover; pp. i, pp. 2, 7, 9, 12, 13 and 15.

# TABLE OF AUTHORITIES

Cases Cited:

*Abbott v. Perez,*
 138 S. Ct. 2305 (2018)……………………..…..……………………….8

*Brown v. Sec'y of Army,*
 287 U.S. App. D.C. 8, 918 F.2d 214 (1990)………………………….14

*Colodney v. MSPB,*
 244 F. App'x 366 (Fed. Cir. 2007)……………………………………11

*Cowan v. United States,*
 710 F.2d 803 (Fed. Cir. 1983)……………………………………....11

*Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.,*
 561 U.S. 477, 130 S. Ct. 3138 (2010)…………………..…….....3,12

*Freytag v. Commissioner,*
 501 U.S. 868, 111 S.Ct. 2631 (1991)………………..…………...12

*Lindahl v. OPM,*
 470 U.S. 768, 105 S.Ct. 1620 (1985)…...……………………..…….11

*Madsen v. VA,*
 754 F.2d 343  (Fed. Cir. 1985)……………………………….…....11

*New Process Steel, LP. v. N.L.R.B.,*
 560 U.S. 674 (2010)……………………………………….....9,10

*NLRB v. Noel Canning,*
 573 U.S. 513 (2014)……………………………………………….10

*Noel Canning v. NLRB,*
 705 F.3d 490 (D.C. Cir. 2013)………………………….………..10

*Perry v. Martin Marietta Corp.,*
 47 F.3d 1134 (Fed. Cir. 1995)…………………………….……….8

*Sacco v. United States,*
 452 F.3d 1305 (Fed. Cir. 2006)……………………….…………..8

*United States v. Fausto,*
 484 U.S. 439, 108 S. Ct. 668 (1988)…………………………….8

*United States v. Mitchell,*
    463 U.S. 206 (1983)………............……………………………………………14

*United States v. Testan,*
    424 U.S. 392 (1976)………............……………………………………………14,15

<u>Statutes and Other Authorities Cited:</u>

5 USCS § 5101………………………………………….................……3,4,14

5 U.S.C. 5361(3)……………………………………………………………13,14

5 U.S.C. 5361(8)………………………………………………………….....13

5 U.S.C. 5363(b)(2)………………………………………………………….13

5 U.S.C. 5701…………………………………………………………….....13

5 U.S.C. §7701………………………………………………………….2,8,11

5 U.S.C. § 7701(c)(1)……………………………….…………………….....8

## STATEMENT OF RELATED CASES

There are no related cases known to Appellant or to counsel.

# JURISDICTION

This court has jurisdiction to hear appeals from a final decision of the United States Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Does the U.S. Court of Federal Claims have subject matter jurisdiction over a federal employee's claims to salary that was withheld at a time when the removal process is not available due to the Merit Systems Protection Board's (MSPB) absence of members qualified under the Appointments Clause?

3.    Does the Classification Act and its cognates have sufficient mandatory attributes to comprise a money-mandating source of law?

3.  Does a federal employee suffer illegal deprivation of salary and benefits due to an agency removal decision at a time when the MSPB has no jurisdiction to hear the removal action due to the absence of MSPB members in office under the Appointments Clause?

## STATEMENT OF THE CASE

Plaintiff was a GS-14, Level 8 employee whose salary had been withheld by the Department of **[Name of agency redacted]** beginning June 22, 2017; this followed a jury verdict against him for misdemeanor offenses for **[Nature of offense redacted]** in **[Redacted]** state court. Appx8-9 (Complaint at ¶¶2,13-14). Plaintiff filed a timely appeal to the MSPB to compel ▮ to demonstrate it could support the basis of its removal decision, meaning, *inter alia*, a proper nexus between the offense and the plaintiff's position and duties. Appx10 (Complaint at ¶¶15-16).

For more than five years, plaintiff was unable to obtain such review. This was due to the absence of MSPB Members in office pursuant to the *Lucia* doctrine that deprives an agency of jurisdiction when it has no Senate approved members or commissioners under the Appointments Clause. Appx10-11 (Complaint at ¶¶15-21). As a result, the Congressionally-mandated MSPB review — an inseparable and integral part of the removal process under 5 U.S.C. §7701, et seq., was unavailable from June 2017 until the Senate approved MSPB Members in or about June 2022, a period of five years. Appx28-29,54-55 (Initial Decisions MSPB, Dec. 2, 2020, April 14, 2021); Appx67-68 (Declaration of **[A.M.]** at ¶¶ 20-23).

**Name of agency redacted**

**Plaintiff Name Redacted**

**Page is redacted pursuant to July 5, 2022 Protective Order**

During this five year period, plaintiff could obtain no hearing on his claims to wrongful termination yet was deprived of all salary and benefits.

Plaintiff brought action in the United States Court of Federal Claims seeking salary and benefits in the minimum amount of $755,031.00 as of February 29, 2021 that had been withheld unlawfully in view of the unavailability of the statutory removal process following the lapse of the MSPB. Appx12-14 (Complaint at ¶¶27-39; 41-43). In his arguments below, plaintiff relied, in part, upon the Classification Act, 5 U.S.C. § 5101, *et seq*., as a money-mandating source of law that provides that a federal classification "is the basis for pay" of a classified employee. 5 U.S.C. 5107.

Defendant moved to dismiss, claiming that the relief plaintiff sought was within the MSPB's "exclusive" jurisdiction and could not be heard by the Court of Federal Claims. In making this argument, the government failed to recognize that the relief sought in Counts I to III, i.e., that plaintiff's salary was wrongfully withheld because the agency had no legal authority to engage in removal due to the lapse of the MSPB, is the very type of "collateral" jurisdiction that is an **exception** to an agency's *exclusive* jurisdiction in its specialized field. *Free Enter. Fund v.*

*Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 489-90, 130 S. Ct. 3138 (2010).[1]

    The trial court did not appear to directly rule on the question of whether the MSPB had jurisdiction over the claim of wrongfully withheld salary but did hold that the Classification Act was not a money-mandating source of law, Appx4 at n.3, and dismissed the Complaint. This conclusion is based on an apparent misreading of *United States v. Testan*, 424 U.S. 392, 398 (1976).   In *Testan*, the Supreme Court held that §5101 is not money-mandating as to a plaintiff's claim that he was deprived of salary for a position he had been seeking but was denied. In other words, *Testan* held <u>only</u> that §5101, et seq., is not money-mandating as to salary for a *future* position but nowhere did the Supreme Court hold that the Classification Act is not money-mandating as to withheld salary in a position *already* occupied by the employee, as is the case here.

    In fact, *Testan* actually stated that the Classification Act grants "a monetary cause of action [] to those who were subjected to a reduction *in their duly appointed emoluments or position*," *Id.* at 407 [emphasis added], a holding that should reasonably apply to plaintiff's claim of withheld salary since he was already

---

[1] Count IV of the Complaint did include an additional claim for supplemental jurisdiction over the removal itself since the MSPB was defunct, Appx14-15, but the primary basis of the plaintiff's claims in the Court of Claims (Counts I-III), was the restoration of salary withheld wrongfully at a time when the MSPB's jurisdiction had lapsed and removal was legally unavailable. Appx12-14.

occupying a graded position. It is respectfully submitted that the trial court misapplied *Testan* and the matter should be reversed and remanded to the trial court.[2]

It should be noted that in June 2022 Congress finally approved new Members of the MSPB and the agency regained its legal status when Member Cathy Harris was sworn into office. *See* https://www.mspb.gov/about/members.htm. Following its re-acquisition of its authority, on December 1, 2022, an MSPB administrative law judge entered an "initial" finding upholding plaintiff's removal; such decision, however, is not final and plaintiff has filed a Petition for Review to the MSPB; *see* MSPB Docket Entries, Appx72. Moreover the removal is ultimately appealable to this Court.

While the ultimate outcome of the removal action is not yet known, what is clear is that plaintiff's hearing on his removal was legally unavailable for more than five years during which time he was deprived of all salary and benefits. Therefore, even if plaintiff is ultimately found to be removable upon completion of the MSPB and judicial appeals, his earlier deprivation of salary and benefits at a time when the removal process could not be legally executed still gives rise to

---

[2] The government did not cite *Testan* in its moving papers or in its reply brief. *Testan* was raised for the first time by the trial court in its decision granting the motion to dismiss. Plaintiff had no opportunity below to comment on or distinguish the facts of *Testan* from the instant case.

claims for improper withholding of salary and the trial court should not have dismissed the action.

## **ARGUMENT**

The decision by ▮ to remove plaintiff from his federal executive position ┌─────────┐
│ **Agency** │
│ **Name** │
│ **Redacted** │
└─────────┘
resulted in the complete deprivation of salary and benefits beginning June 22, 2017. Appx12. This occurred at a time when the MSPB, the body that is an integral part of the two-stage removal process, was without jurisdiction due to the absence of Members nominated and approved under the Appointments Clause. It was HHS itself that had told the MSPB administrative law judge that the MSPB had no jurisdiction under the *Lucia* doctrine due to the absence of Members in office. Appx10-12.

It follows that the agency removed plaintiff and deprived him of salary at a time when the Congressionally-mandated removal scheme was inoperative since the MSPB had no members in office under the Appointments Clause and, hence, no jurisdiction to hear removal cases. Thus, the legal power of ▮ to deprive ┌─────────┐
│ **Agency** │
│ **Name** │
│ **Redacted** │
└─────────┘
plaintiff of salary and benefits could not be exercised since the removal function was in abeyance due to the absence of the statutorily-mandated MSPB remedy. Since plaintiff was deprived of salary illegally, then a claim for such unpaid salary should be cognizable in the Court of Federal Claims and the Complaint should not have been dismissed.

These arguments are addressed below.

**Page is redacted pursuant to July 5, 2022 Protective Order**

## I.   STANDARD OF REVIEW

The standard of review is de novo.  The appeal arises out of legal questions, such as whether the trial court had subject matter jurisdiction or if there is an applicable money-mandating statute, and in such cases the Court's review is plenary.  *See generally Abbott v. Perez*, 138 S. Ct. 2305, 2326 (2018); *Sacco v. United States*, 452 F.3d 1305, 1308 (Fed. Cir. 2006); *Perry v. Martin Marietta Corp.*, 47 F.3d 1134, 1137 (Fed. Cir. 1995).

## II.   MSPB HEARING AND REVIEW IS A MATERIAL AND NON-SEVERABLE PART OF THE CONGRESSIONAL REMOVAL SCHEME AND WITHOUT SUCH PROCESS NO LEGAL AUTHORITY EXISTS TO REMOVE AN EMPLOYEE AND WITHHOLD SALARY AND BENEFITS.

MSPB review is a fundamental and inseparable part of the Congressional removal scheme pursuant to 5 U.S.C. §7701, et seq., in which Congress provided that the employee's right, in an administrative court, to force the agency to prove its entitlement to removal was a fundamental part of an "integrated" federal service removal process.  *See e.g. United States v. Fausto*, 484 U.S. 439, 443, 108 S. Ct. 668 (1988)(Congress intended "*an integrated scheme* of administrative and judicial review" over federal service removals)[emphasis added].

In promulgating the MSPB appeal process, Congress provided a forum in which the agency *must* prove its basis for removal, 5 U.S.C. § 7701(c)(1)), rather than leaving the matter to the unilateral determination of an employee's supervisor,

a power ripe with potential for abuse.  Congress conditioned any power of removal on the employee's right to a trial-type de novo administrative hearing with witnesses, discovery and a trial, a process Congress called "an important check on agency decisionmaking." S. Rep. No. 95-969 at 23-24 (addressing the role of the MSPB in the context of protecting employees from retaliatory dismissal in "whistleblower" cases).

It follows that the MSPB appeal process is a vital component of the Congressional structure for protecting federal service employees since it forces the agency to prove in an administrative court the basis for the removal after a full trial-type process.  Here, however, the MSPB appeal process had not existed since March 2015 when the agency first lost its quorum. As a result, plaintiff was deprived of salary for five years without the mandatory administrative process and trial being available.  In view of the integral role of the MSPB trial process in the federal removal scheme, ▇ had no constitutional authority to withhold plaintiff's salary and benefits during the period of MSPB's legal incapacity. [Name of agency redacted]

It makes little difference, as the government argued below, that the MSPB administrative judge stated that "[t]he Board has jurisdiction over **[A.M.'s]** appeal." Appx44.  No agency can give itself jurisdiction where its legal authority has lapsed, a question the Supreme Court disposed of in *New Process Steel, LP. v. N.L.R.B.,* 560 U.S. 674 (2010), where it held that the NLRB could not invest its

**Page is redacted pursuant to July 5, 2022 Protective Order**

two-member panels with jurisdiction over administrative law cases since Congress had mandated a three-member NLRB as a jurisdictional requisite:

> The question in this case is whether, [] following a delegation of the Board's powers to a three-member group, two members may continue to exercise that delegated authority once the group's (and the Board's) membership falls to two. *We hold that two remaining Board members cannot exercise such authority.*

560 U.S. at 676 [parenthetical text is the Court's][emphasis added].

Like *New Process Steel,* the MSPB's enabling statute provides for a three member quorum and makes no exception for fewer members.  5 U.S.C. §1201. Like the NLRB, the MSPB cannot give itself "jurisdiction" where it fails to have the quorum mandated by Congress.  Following *New Process Steel*, the D.C. Circuit has held that an agency has "no jurisdiction" when it lacks its statutory quorum. *Noel Canning v. NLRB*, 705 F.3d 490, 498 (D.C. Cir. 2013), aff'd other grds., *NLRB v. Noel Canning*, 573 U.S. 513 (2014)(holding that where NLRB had no members under the Appointments Clause, "the Board 'had no jurisdiction' to enter the order"***"The Board had no quorum, and its order is void.").  *Noel Canning* held that an agency without its designated quorum was without authority and would not legally exist:

> [T]here is "no order to enforce" because there was no lawfully constituted Board. *** The present order is outside the orbit of the authority of the Board because the Board had no authority to issue any order. It had no quorum.

*Noel Canning*, *supra.* [emphasis added].

This same reasoning applies here. The MSPB "had no jurisdiction" after losing its quorum on March 1, 2015, a condition that started before, and continued for five years <u>after</u> plaintiff's removal proceeding began in June 2017. Because the MSPB process is fundamental to the federal removal scheme, plaintiff's deprivation of salary and benefits at a time when the MSPB did not exist legally is without legal authority and his claim to compensation for this taking should have been deemed cognizable in the Court of Federal Claims.

Defendant's argument below that the MSPB is the *exclusive* place to hear such claims is legally incorrect. Like all administrative courts, the MSPB has a limited jurisdiction and may only hear an "*action which is appealable to the Board under any law, rule, or regulation.*" 5 U.S.C. § 7701 [emphasis added].[3] This has been interpreted by the Supreme Court as applying to "evaluating adverse *personnel* actions against [federal employees]". *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 774, 105 S. Ct. 1620 (1985)[emphasis added]. Plaintiff's claim that his salary was withheld illegally because of the inability of the MSPB to hear his appeal is not an action "evaluating [a] *personnel*" decision, cf., *Lindahl*, supra,

---

[3] *Madsen v. VA*, 754 F.2d 343, 344-345 (Fed. Cir. 1985), citing *Cowan v. United States*, 710 F.2d 803 (Fed. Cir. 1983)("The Board possesses limited jurisdiction over appeals instituted by federal employees under 5 U.S.C. § 7701(a) and can only hear appeals instituted by employees who are specifically granted appeal rights thereunder.); accord *Colodney v. MSPB*, 244 F. App'x 366, 368 (Fed. Cir. 2007)("The Board's jurisdiction is not plenary, but rather limited to matters specifically entrusted to it by law, rule or regulation.").

since it goes, not to "personnel issues" or the conduct of the employee, but to the constitutional authority of the agency to engage in the removal process at a time when the MSPB ceased to exist legally.

Logically,   **[A.M.'s]**   claim could not have been brought to the MSPB since the gravamen of the claim lies in the fact that the MSPB did not exist in the period when he was deprived of salary.  To put it differently, plaintiff's action in the Court of Federal Claims challenging the legality of his salary deprivation is not one "appealable to the Board", 5 U.S.C. §7701, because it centers on the very non-existence of the Board, a "structural" issue that transcends the MSPB's exclusive jurisdiction:

> "The structural interests protected by the Appointments Clause are not those of any one branch of Government but of the entire Republic.

*Freytag v. Commissioner*, 501 U.S. 868, 878-880, 111 S. Ct. 2631 (1991)

Hence, the question of whether plaintiff's salary was wrongfully withheld because the MSPB process did not exist is not an evaluation of a "personnel" matter that would be within the agency's ordinary (and exclusive) jurisdiction. Rather, the issue raised here concerns a *structural* question of whether salary can be withheld at a time when the MSPB has no jurisdiction because it has no Members in office, a question that is "collateral" to the MSPB's exclusive jurisdiction in its specialized personnel field. *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. at 489-90.

**Page is redacted pursuant to July 5, 2022 Protective Order**

As such    **[A.M.'s]**    claim for compensation of salary from June 2017 until

June 2022 should not have been dismissed by the Court of Federal Claims.

### III.   A MONEY-MANDATING SOURCE OF LAW CAN BE FOUND IN THE CLASSIFICATION ACT AND BACK PAY ACTS, AND THEIR COGNATES, AND THE COURT OF FEDERAL CLAIMS SHOULD NOT HAVE DISMISSED FOR LACK OF SUBECT MATTER JURISDICTION.

Ultimately, the trial court held that the Complaint must fail for lack of

subject matter jurisdiction in that there was no money-mandating statute to compel

payment of plaintiff's salary and, hence, no jurisdiction in the Court of Federal

Claims.  This makes little sense since plaintiff as a federal employee is "entitled"

*by statute* to his salary at the rate determined for his classification.  *See* 5 U.S.C.

5361(3)(noting that "retained grade" means the grade used for determining benefits

to which an employee "is entitled" under 5 USCS § 5362); 5 U.S.C. 5361(8)

(noting that "'retained rate' means the rate of basic pay to which an employee *is*

*entitled* under section 5363(b)(2)").

The Classification Act describes the grade of an employee as "*the basis for*

*pay* and personnel transactions *until changed by certificate of the Office*."  5 U.S.C.

5701 [emphasis added]. As Section 5361 makes clear, the employee is *"entitled"*

to such rate of compensation either at their "retained rate" and "grade".  5 U.S.C.

5361(3) and (8).  As such, the Classification Act *does* mandate payment by

**Page is redacted pursuant to July 5, 2022 Protective Order**

classified federal workers in their retained grade, including plaintiff who was a GS-14, Grade 8 employee.

The statutory language that the employee is "entitled" to their salary "can *fairly* be interpreted *as mandating compensation…*" *United States v. Mitchell*, 463 U.S. 206, 213 (1983) [emphasis added], and *is* a money-mandating statute. Indeed, it is the very purpose of the Classification Act, 5 USCS § 5101, et seq. and its cognates in §§5361 and 5362 to mandate a system of classification and pay grades for federal service graded employees.

The trial court dismissed this reasoning by a misapplication of *United States v. Testan*, *supra*. In *Testan,* the Court rejected a federal employee's claim of lost salary arising from denial of a promotion. In so holding, however, the Supreme Court recognized that the Classification Act grants "a monetary cause of action [] to those who were subjected to a reduction *in their duly appointed emoluments or position*." *Id.* at 407 [emphasis added]. Thus, *Testan* supports plaintiff's claim to jurisdiction in the Court of Federal Claims because his claim *is* grounded in a loss of his salary from his classified position, i.e., his "duly appointed emoluments or position." *Id.*

As the D.C. Circuit has observed, *Testan* was concerned with the particular case of an employee seeking a judgment for wages who "claimed that 'he should have been placed in a higher grade.'" *Brown v. Sec'y of Army*, 287 U.S. App. D.C.

14

8, 918 F.2d 214, 218 (1990), citing and quoting, *Testan, supra* at 406. In other words, when *Testan* held that the Classification Act and its cognates did not provide a "money-mandating" source of law, it was in the context of a employee claiming wages for a position *they never held*.

As noted above, *Testan* favors plaintiff's position since the Supreme Court expressly observed that the Back Pay Act "was intended to grant a monetary cause of action" for an employee "subjected to a reduction in their duly appointed emoluments or position." *Testan*, 424 U.S. at 407. The effect of *Testan* is that the Back Pay Act *is* a money-mandating source of law in cases concerning the withholding of salary or emoluments of an *existing* graded or classified position, such as plaintiff who held a GS-14, Grade 8 rated position in ███. It was only in the context of a position the employee *never held,* i.e., a position he sought but was denied promotion, that *Testan* construed the absence of a money-mandating source of law.

**Name of agency redacted**

Logically, if *Testan* had intended that no graded or classified employee will have standing in the Court of Federal Claims for withheld salary, the Supreme Court would not have included the additional language that the Back Pay Act "intended to grant a monetary cause of action only *to those who were subjected to a reduction in their duly appointed emoluments or position*." *Testan*, 424 U.S. at 407 [emphasis added]. By this language, the Court was plainly signaling that a

**Page is redacted pursuant to July 5, 2022 Protective Order**

graded or classified employee may assert a money-mandating claim as to a position they *already* held, as is the case with plaintiff.

Consequently, plaintiff has a claim to compensation in the Court of Federal Claims that should not have been dismissed at the threshold.

## CONCLUSION

For the foregoing reasons, the appeal should be granted and the matter remanded to the Court of Federal Claims for further proceedings.

Dated: April 4, 2023

Respectfully submitted,

/s/ Bruce I. Afran
BRUCE I. AFRAN,
Counsel for Appellant

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 3,408 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 14-point, Times New Roman font.

Dated: April 4, 2023

Respectfully submitted,

/s/ Bruce I. Afran
BRUCE I. AFRAN,
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I electronically filed the foregoing Appellant Brief with the Clerk of the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: April 4, 2023

Respectfully submitted,
/s/ Bruce I. Afran
BRUCE I. AFRAN,
Counsel for Appellant

# In the United States Court of Federal Claims

No. 21-1157

(Filed: July 5, 2022)[1]

```
*************************************
A.M.,                                *
                                     *
            Plaintiff,               *
                                     *          Motion to Seal; Motion to Proceed
      v.                             *          Anonymously.
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
*************************************
```

*Bruce I. Afran*, Princeton, NJ, counsel for Plaintiff.

*Sarah E. Kramer*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff, **[A.M.]**, seeks to preserve his anonymity in this case by sealing his name, the nature of his prior criminal conviction, and other identifying information from the public record. The government opposes **[A.M.'s]** motion to seal in its entirety. Because the Court finds that **[A.M.]** has shown that his privacy interests outweigh the prejudice to the government and the public's interest in disclosing his identity, the Court grants his motion to seal.

## I.      BACKGROUND

**[A.M.]** filed a complaint under seal and with redactions in this Court on April 5, 2021, challenging his removal from federal employment by the United States Department of **[Name of agency redacted]** and seeking restoration to his position and recoupment of withheld salary and benefits. *See* Compl., ECF No. 1. The **[AGENCY REDACTED]** removed **[A.M.]** after a jury in Maryland state court found him guilty of **[Nature of offense redacted]** *Id.* ¶¶ 13-15. Subsequently, **[A.M.'s]** conviction was vacated pending his completion of pre-trial probation, and **[Nature of offense redacted]** . *See* Pl.'s Decl. ¶ 3, ECF No. 3-2. **[A.M.]** appealed his removal to the Merit System Protection Board ("MSPB"), and his appeal was dismissed because the MSPB lacked a quorum. Compl. ¶¶ 16, 24-25. **[A.M.]** then brought a claim in this Court challenging, on constitutional grounds, the **[  *  ]** legal authority to remove him from federal service. *See generally id.*

*

---

[1] Since the Court grants **[A.M.'s]** motion to seal, this Memorandum Opinion and Order is filed under seal and will be reissued incorporating all appropriate redactions.

Concurrent with his complaint, **[A.M.]** filed a motion to seal requesting that he be permitted to proceed with his case anonymously. Pl.'s Mot. to Seal, ECF No. 3. In his motion, **[A.M.]** requests that the Court redact his name and job title, the name of the agency he worked at, his address and state of residence, and the nature of his prior criminal conviction that led to his removal from federal service. *Id.* at 1. The government filed a motion to dismiss Mr. **[A.M.]**'s complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and deferred responding to the motion to seal until the Court resolved its motion to dismiss. Def.'s Mot. to Dismiss at 1 n.1, ECF No. 9.

The Court granted the government's motion and dismissed **[A.M.'s]** complaint on January 28, 2022. *See* Order & Op., ECF No. 15. The Court issued its opinion under seal pending the outcome of **[A.M.'s]** motion to seal. *Id.* at 1 n.1. As part of the opinion, the Court ordered the parties to file a joint status report with proposed redactions and for the government to state whether it opposes **[A.M.'s]** motion to seal. *Id.* at 5. In a joint status report filed on February 11, 2022, the government stated that it opposes **[A.M.'s]** motion to seal in its entirety. Joint Status Report, Feb. 11, 2022 at 1, ECF No. 16. The parties proceeded with briefing **A.M.'s** motion to seal. The motion to seal is now fully briefed, and the Court has determined that oral argument is not needed.

## II.     DISCUSSION

**A.M.** argues in his motion to seal that "little purpose would be served by allowing publication of [his name and **[Offense redacted]** conviction] through this civil proceeding[,]" and his privacy interests outweigh the general presumption of public access. Pl.'s Mot. to Seal at 6. The government, in opposition, argues that **[A.M.]** cannot proceed anonymously because "his **[Offense redacted]** legal proceedings are already publicly available information and because he has proceeded under his own name in his challenge to the same removal action before the [MSPB.]" Def.'s Resp. to Pl.'s Mot. to Seal at 1, ECF No. 18 [hereinafter Def.'s Resp.]. As explained below, the Court finds that **[A.M.]** has met his burden of overcoming the presumption of public access, and, accordingly, grants his motion to seal.

RCFC 10(a) instructs that a complaint filed in this Court "must name all the parties." RCFC 10(a) serves the important function of protecting the public's common law right of access to judicial proceedings. *See Doe No. 1 v. United States*, 143 Fed. Cl. 238, 240 (2019) ("Identifying all parties to a lawsuit facilitates public scrutiny of judicial proceedings."). Thus, "courts allow parties to proceed anonymously only where unusual circumstances justify concealing a party's identity." *Boggs v. United States*, 143 Fed. Cl. 508, 511 (2019) (citing *Whalen v. United States*, 80 Fed. Cl. 685, 691 (2008)). The Court has discretion to seal information from disclosure if the public's right of access is outweighed by the competing interests. *Black v. United States*, 24 Cl. Ct. 461, 464 (1991). In making the determination whether to permit a party to proceed anonymously, the Court weighs the party's need for anonymity against the general presumption that the party's identity be available to the public and the likelihood of prejudice to the opposing party. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Court may allow a party to proceed anonymously to "protect a person from harassment, injury, ridicule or personal embarrassment."

**Page is redacted pursuant to July 5, 2022 Protective Order         — ii —**

*Id.* at 1067. The party requesting that the Court seal information bears the burden of overcoming the strong presumption of public access. *See Black*, 24 Cl. Ct. at 464.

The Court finds that **[A.M.'s]** privacy interests in keeping his identity and the nature of his criminal conviction sealed sufficiently overcome the general presumption that a party's identity in judicial proceedings be available to the public. Mere embarrassment from a criminal conviction is ordinarily not sufficient to seal a record or allow a party to proceed anonymously. *See Whalen*, 80 Fed. Cl. at 692 (highlighting that "some embarrassment or economic harm is not enough." (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981))). However, Mr. **[A.M.'s]** concern with public disclosure of his identity and prior conviction understandably goes beyond mere embarrassment. A criminal conviction for **[ Nature of offense deleted]** is especially stigmatizing relative to other types of convictions. *See* **[ ]**
**[ ]** Furthermore, **[A.M.'s]** conviction has been vacated (pending his completion of pre-trial probation), and **[ Nature of offense redacted** s **]** Pl.'s Decl. ¶ 3. Denying **[A.M.'s]** request to proceed anonymously would shed unnecessary light onto his prior conviction and increase the likelihood of further social stigma as a result of his now vacated conviction. *See Rostker*, 89 F.R.D. at 161 ("The common thread running through [cases where anonymity was warranted] is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.").

The government challenges **[A.M.'s]** privacy interests on the grounds that "[t]he cat is already out of the bag [and that] there is nothing left for this Court to keep private regarding **[Nature of offense redacted]** / conviction." Def.'s Resp. at 6. The Court is not persuaded by this argument. The fact that **[A.M.'s]** identity and the nature of his criminal conviction are already publicly available through other means, such as the media, and that **[A.M.]** has filed a separate action under his name before the MSPB do not extinguish **[A.M.'s** privacy interests in this case. A disclosure by third parties of **[A.M.'s]** identity and his prior conviction does not result in a waiver of his privacy interests in this case. *See Doe No. 1*, 143 Fed. Cl. at 241. Further, **[A.M.'s]** disclosure of his identity to the MSPB, which has its own procedures for concealing sensitive information, is a separate matter from disclosure of his identity to the general public. *See Doe v. United States*, No. 19-720T, 2019 WL 3406800, at *3 (Fed. Cl. July 29, 2019) (stating that "the disclosure of Plaintiff's identity to the government is a separate issue from potential harm arising from disclosure to the public at large."). These arguments are not enough to defeat **[A.M.'s]** privacy interests.

**[A.M.'s]** privacy interests outweigh the prejudice to the government and the public interest in disclosure of **[A.M.'s]** identity and the nature of his criminal conviction. Mr. **[A.M.'s]** case has already been dismissed for lack of jurisdiction. *See* Order & Op. Thus, allowing **[A.M.]** : to preserve his anonymity at this stage of the litigation will not result in any prejudice to the government. *See Boggs*, 143 Fed. Cl. at 512 ("Proceeding with plaintiffs' names under seal, especially [seventeen] months into litigation, would have negligible ill effects to the government's defense."). The government essentially concedes this point by not alleging any prejudice in its response to **[A.M.'s]** motion to seal. *See generally* Def.'s Resp. at 1-11.

> Legal citation redacted to seal nature of the offense.

Further, the public interest in disclosing **[A.M.'s]** identity and the nature of his criminal conviction is minimal because his identity and the nature of his criminal conviction are not essential to the public's understanding of the issues before the Court and the Court's decision. While his removal from federal service may have been a consequence of his conviction, **[A.M.'s]** claim before this Court focuses on the "separate and distinct constitutional claim that the [g]overnment cannot refuse to pay a federal employee during a period when the MSPB could not hear the disciplinary case due to a lack of quorum." Pl.'s Reply at 5, ECF No. 24. **[A.M.'s]** identity and the nature of his criminal conviction are not at all relevant to his claim before this Court, and granting **[A.M.'s]** request to remain anonymous "[will] not impair the public's view of the presentation and resolution" of the issues. *See Doe No. 1*, 143 Fed. Cl. at 242. Because allowing **[A.M.]** to preserve his anonymity will not prejudice the government and will not impair the public's understanding of the issues in the case, the public interest is better served by ensuring that **[A.M.]** and others in his position are able to use the courts to seek a judicial remedy for alleged wrongs without the fear of compounding the stigma that they likely already face. *See Advanced Textile*, 214 F.3d at 1073.

### III.     CONCLUSION

In sum, without a showing of prejudice or impairment to the public interest, the Court finds that Mr. Mallik's privacy interests outweigh the presumption of public access. Accordingly, **[A.M.'s]** motion to seal is **GRANTED**. **[A.M.'s]** name and job title, the name of the federal agency where he was employed, his address and state of residence, and the nature of his criminal conviction that led to his removal from federal service **SHALL BE SEALED**.[2] All unsealed documents shall contain the following redactions:

* ▪ Plaintiff's name shall be inserted as "A.M." in the caption and "Plaintiff" wherever the name "**[Actual name redacted]**" appears;
* ▪ References to his conviction for **[Nature of offense redacted]** or similar references shall be replaced with "criminal offense;"
* ▪ References to the "United States Department of **[Agency name redacted]**" and "**[Agency name redacted]**" shall be redacted;
* ▪ References to "[          *] in connection with his conviction shall be redacted;
* ▪ Plaintiff's job title shall be redacted; and
* ▪ Plaintiff's address and state of residence shall be redacted.

**\***

| Name of Plaintiff's State of Residence Redacted |

The parties **SHALL FILE** redacted versions of their filings on the public docket **on or before August 4, 2022**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[2] The government argues that **[A.M.'s]** proposed redactions are overly broad and only the nature of his conviction should be redacted and sealed. *See* Def.'s Resp. at 10-11. The Court disagrees and finds that **[A.M.'s]** proposed redactions are appropriately tailored to effectively maintain his anonymity and minimize impairment to the public's understanding of the issues and resolution in this case.

4

**Page is redacted pursuant to July 5, 2022 Protective Order**

# A.M. ADDENDUM

Appendix A. Judgement of Dismissal, dated July 18, 2022……………….Appx001

Appendix B. Order and Decision, dated January 28, 2022………………..Appx002

# In the United States Court of Federal Claims

**No. 21-1157 C**
**Filed: July 18, 2022**

**A. M.**

        **v.**                              **JUDGMENT**

  **THE UNITED STATES**

Pursuant to the court's Order, filed July 18, 2022, directing the entry of judgment, and the court's Order and Opinion, filed January 28, 2022, granting defendant's motion to dismiss,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed, without prejudice, for lack of jurisdiction.

Lisa L. Reyes
Clerk of Court

By:    s/ Debra L. Samler

Deputy Clerk

<u>NOTE</u>: As to appeal to the United States Court of Appeals for the Federal Circuit, 60 days from this date, see RCFC 58.1, re number of copies and listing of <u>all plaintiffs</u>. Filing fee is $505.00.

# In the United States Court of Federal Claims

No. 21-1157

(Filed Under Seal: January 28, 2022)[1]

```
*****************************************
A.M.                    ,           *
                                    *
            Plaintiff,              *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*****************************************
```

Lack of Subject-Matter Jurisdiction;
RCFC 12(b)(1); Civil Service Reform
Act; Due Process; Takings Claim.

*Bruce I. Afran*, Princeton, N.J., counsel for Plaintiff.

*Sarah E. Kramer*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

Plaintiff,  **A.M.**  , challenges his removal from federal employment by the United States Department of Health and Human Services, Food and Drug Administration ("FDA"). He seeks reinstatement to his federal position, as well as back pay and benefits. Because  **A.M.**  fails to cite a money-mandating source of law that permits this Court to exercise jurisdiction over his claims, the Defendant's motion to dismiss must be granted.

## I.    BACKGROUND

In 1978, Congress passed the Civil Service Reform Act ("CSRA"), which "created a new framework for evaluating adverse personnel actions against employees[.]" *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 774 (1985) (quotations omitted). Under the CSRA, an employee subject to an adverse personnel action is "entitled to appeal to the Merit Systems Protection Board [("MSPB")]." 5 U.S.C. § 7513(d). The CSRA further provides that "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). The structure of the CSRA creates "the primacy of the MSPB for administrative resolution of disputes over adverse personnel action . . . and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review[.]" *United States v. Fausto*, 484 U.S. 439, 450 (1988) (citations omitted). Under the

---

[1] This Opinion is filed under seal due to the pending motion to seal. *See* Pl.'s Mot. to Seal. This Opinion will be reissued either publicly or with redactions from the parties depending on the outcome of the motion to seal.

CSRA, removal is an adverse personnel action subject to MSPB review. *See* 5 U.S.C. § 7512(1) (2018); *Reddick v. Fed. Deposit Ins. Corp.*, 809 F.3d 1253, 1256 (Fed. Cir. 2016).

In this case, after being found guilty of **[Nature of offense redacted** by a jury in a Maryland state court, **A.M.** was suspended on June 22, 2017, and ultimately removed from his federal position by the FDA. Compl. ¶¶ 13-15. **A.M.** appealed his removal to the MSPB on December 15, 2017. *Id*. ¶ 16. The FDA sought to dismiss his challenge, arguing that under the Supreme Court's decision in *Lucia v. Sec. Exch. Comm'n*, 138 S. Ct. 2044 (2018),[2] the MSPB administrative law judge ("ALJ") lacked the necessary legal authority to decide **A.M.'s** appeal. Compl. ¶¶ 24-25. The question of the authority of ALJs to decide appeals after *Lucia* was certified to the MSPB in a separate case in 2018, but since that time, the MSPB has lacked a quorum to decide the issue. *See* December 2, 2020 MSPB ALJ Decision, Case No. DC-0752-18-0193-I-7 at 1-2 [hereinafter MSPB ALJ Decision]. For that reason, on August 18, 2020, the ALJ dismissed **A.M.'s** appeal without prejudice and instructed that his appeal be automatically refiled every 180 days until the legal authority question was resolved. *Id*. ¶ 21; MSPB ALJ Decision at 1-3. **A.M.'s** appeal remains in this automatic refiling cycle. *See* Compl. ¶ 21.

Naturally frustrated with his inability to obtain adjudication of his appeal before the MSPB, **A.M.** filed a complaint in this Court on April 5, 2021. *See* Compl. In his complaint, **A.M.** alleges that the FDA "deprived [him] of his salary and benefits[,]" and he seeks reinstatement to his federal position, as well as payment of back-pay and benefits starting from the date of his suspension. *Id*. ¶¶ 2, 27-46. The government moved to dismiss **A.M.'s** complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") arguing that this Court does not have subject-matter jurisdiction over his claims. Def.'s Mot. to Dismiss at 3-10 [hereinafter Def.'s Mot.]. Following briefing on the government's motion, the Court has determined that oral argument is not necessary and that the motion is ripe for decision.

## II.   LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). The plaintiff bears the burden of establishing this Court's subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may also consider evidentiary matters outside the

---

[2] In *Lucia*, the Supreme Court held that administrative law judges at the Securities and Exchange Commission ("SEC") are "Officers of the United States" subject to the Appointments Clause of the Constitution. *Lucia*, 138 S. Ct. at 2051, 2055. Therefore, SEC administrative law judges who were not appointed as required by the Appointments Clause lack authority to decide cases. *See id*. at 2055.

Page is redacted pursuant to July 5, 2022 Protective Order

pleadings when determining subject-matter jurisdiction. *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3).

## III.   DISCUSSION

While the Court understands     **A.M.'s**   frustration with the delays in his MSPB appeal process, upon review of his complaint, it is clear this Court does not possess subject-matter jurisdiction over his claims. This Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This Court's jurisdiction is defined by the Tucker Act, which waives the sovereign immunity of the United States for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a) (2018). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish this Court's jurisdiction, a plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).[3]

**A.M.'s**     claim is best characterized as an alleged violation of the Due Process Clause of the Fifth Amendment.[4]   **A.M.**   claims that, as a federal employee, he has "a Fifth Amendment right to receive and use his salary . . . along with his benefits." Compl. ¶ 29. He argues that he "cannot be deprived of such salary and benefits except by [the] statutory process" set forth in the CSRA. *Id.* ¶¶ 30, 33. According to   **A.M.**   , this statutory process requires that the agency "demonstrate and prove its basis for removal or other discipline, including loss of salary and benefits, in a hearing before the MSPB." *Id.* ¶ 31. Since the MSPB lacked a quorum on the date of his removal,   **A.M.**   claims that the MSPB could not "assert jurisdiction or any lawful authority" over his appeal, and that, therefore, he "could not be removed and could not be lawfully deprived of [his] salary and benefits" by the FDA. *Id.* ¶¶ 33, 35. In essence,   **A.M.**   claims that the status of the MSPB deprives him of a forum in which to challenge his removal and therefore infringes upon his Fifth Amendment due process rights.

---

[3]   **A.M.**   alleges that "[j]urisdiction is vested in this Court by virtue of 28 U.S.C. § 1491(a) and (b)," Compl. ¶ 4, and that "[p]ursuant to 28 U.S.C. [§] 1491 (a)(2), this Court has the additional jurisdiction to restore plaintiff to his federal position." *id.* ¶ 41.   **A.M.'s**   bare citations to the Tucker Act, without citations to a money-mandating source of law, do not grant this Court jurisdiction to decide his claims or otherwise restore him to his federal employment position. *See Testan*, 424 U.S. at 398.

[4]   **A.M.**   underscores this characterization in his response to the government's motion to dismiss. *See* Pl.'s Resp. at 3-4 (calling the MSPB appeal process "a form of administrative due process"); *id.* at 4 ("The government's insistence that the constitutionality of the agency's deprivation of   **A.M.'s**   salary can only be decided by the MSPB, . . . , closes a tight and inelastic circle around plaintiff's due process rights."); *id.* at 10 ("[A]bsence of the MSPB . . . invalidates the removal scheme and deprives   **A.M.**   of due process[.]"); *id.* at 12 (stating that when MSPB had members it "was able to give the employee due process").

**Page is redacted pursuant to July 5, 2022 Protective Order**

This Court may only hear constitutional challenges when the Constitution "expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398). It is well-established that due process claims under the Fifth Amendment are not money-mandating and are outside of this Court's jurisdiction. *See id*. ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Therefore, the Court lacks jurisdiction over **A.M.'s** due process claim.

**A.M.** also invokes the takings clause of the Fifth Amendment. *See* Compl. ¶¶ 37-39. Without much detail, **A.M.** states that the United States committed a taking because "[w]ithout legal authority the United States deprived [him] of his salary and benefits provided by statute." *Id*. ¶ 38. Generally, the takings clause of the Fifth Amendment is a money-mandating source of law that falls within this Court's jurisdiction. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). However, to bring a Fifth Amendment takings claim, a claimant "must concede the validity of the government action[.]" *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993); *Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018) ("[T]he Claims Court lacks jurisdiction over takings claims in which the petitioner asserts the subject taking was not authorized."). In this case, **A.M.** alleges that the government acted "[w]ithout legal authority" when the government removed him from federal employment. Compl. ¶ 38. This allegation is based on unauthorized action by the government, and thus, it cannot form the basis of a Fifth Amendment takings claim. For this reason, his takings claim likewise falls outside of this Court's jurisdiction.

Though **A.M.** unequivocally denies that he is "asking the court to rule upon the bona fides of his removal from federal service," Pl.'s Resp. at 3, he argues in Count IV of his complaint that he should be "restored retroactively" to his previous employment status because his "judgment of guilt has now been vacated" by a Maryland state court.[5] Compl. ¶¶ 45-46. This strikes as a challenge to the merits of his removal—that is, whether he was appropriately removed based on the charges against him and whether he should be reinstated following the vacated judgment. Under the CSRA, the MSPB possesses exclusive jurisdiction to review challenges to adverse personnel decisions, including removal from federal employment. *Read v. United States*, 254 F.3d 1064, 1067 (Fed. Cir. 2001) (finding that "[MSPB] review [is] the exclusive statutory procedure by which employees may challenge their removal"); *see also Honse v. United States*, 149 Fed. Cl. 792, 796 (2020) ("[C]laims brought by federal employees regarding adverse personnel decisions are within the exclusive purview of MSPB") (citing *Fausto*, 484 U.S. at 454). Because of the "comprehensive and integrated review scheme of the CSRA," this Court "is not an 'appropriate authority' to review an agency's personnel determination." *Fausto*, 484 U.S. at 454; *Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed. Cir. 2002) ("This court has long held that the Court of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB."). Thus, to the extent that **A.M.** challenges

---

[5] In February 2020, a Maryland state court "vacated all of **A.M.'s** convictions" and dismissed the charges "subject to [his] completion of pre-trial probation[.]" Compl. ¶ 20.

**Page is redacted pursuant to July 5, 2022 Protective Order**

the merits of his removal, the Court finds it necessary to state that it lacks jurisdiction over such a challenge.

In his response to the government's motion to dismiss, **A.M.** emphasizes that he is not asking the Court to review the merits of his removal, which he concedes is subject to the exclusive jurisdiction of the MSPB. *See* Pl.'s Resp. at. 4. Instead, **A.M.** proffers that this Court can exercise "collateral jurisdiction" over the "independent and separate constitutional question of whether the agency had legal authority to commence the removal in the first place where the administrative court that is an essential part of the federal removal scheme does not exist due to the absence of any appointed members." *Id.* **A.M.** relies on the Supreme Court decision in *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010), to support this argument. *Id.* at 5. While this constitutional question may very well be outside of the MSPB's jurisdiction under the CSRA and subject to judicial review, it does not automatically follow that such judicial review can be performed by this Court. This question is rooted in an alleged violation of **A.M.** rights under the Due Process Clause of the Fifth Amendment, which is not a money-mandating source of law. *See LeBlanc*, 50 F.3d at 1028 (holding that the Due Process Clause of the Fifth Amendment is not money-mandating); *Mitchell*, 463 U.S. at 216-17. Without a money-mandating source of law, this Court cannot exercise jurisdiction over **A.M.'s** claims.[6]

## IV.   CONCLUSION

For the reasons stated above, the government's motion to dismiss is **GRANTED**, and ▮ **A.M.'s** complaint is **DISMISSED WITHOUT PREJUDICE**.

This opinion is filed **UNDER SEAL**. On or before **February 11, 2022**, the parties are directed to **CONFER** and **FILE** a joint status report, attaching any proposed redactions for this opinion. Additionally, the government shall state in the joint status report whether it opposes the plaintiff's outstanding motion to seal. *See* Pl.'s Mot. to Seal. If the government opposes the motion, the parties shall propose a schedule for further proceedings.

Entry of judgment is **DEFERRED** until the Court rules on the Plaintiff's outstanding motion to seal.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[6] In an attempt to identify a money-mandating source of law, **A.M.** cites the Classification Act (5 U.S.C. § 5101, *et seq.*). Pl.'s Resp. at 13. The Supreme Court, however, has found that the Classification Act is not a money-mandating source of law that grants this Court jurisdiction. *See Testan*, 424 U.S. at 403-04 (holding that actions under the Classification Act were "without the remedies in the Court of Claims of retroactive classification and money damages").

**Page is redacted pursuant to July 5, 2022 Protective Order**